UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALICIA OSBORNE,

    Plaintiff,

v.

PICKAWAY COUNTY
OHIO, *et. al.*,

    Defendants.

Case No. 2:19-cv-3628
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

Defendants Pickaway County Ohio ("County"), Gary Gillen, M.D. ("Dr. Gillen"), Lorinda Reid, BSN, R.N. ("Nurse Reid"), Sherriff Robert B. Radcliff ("Sherriff Radcliff"), Lieutenant Gabriel Carpenter ("Lt. Carpenter"), Corporal McCarrell ("Cpl. McCarrell"), Sargent Evans ("Sgt. Evans"), and Deputy Bender (collectively "Defendants") have filed a Motion to Partially Dismiss (ECF No. 10). Plaintiff Alicia Osborne, Administrator of the Estate of Bobby Lee Osborne, ("Plaintiff") has filed a Memorandum in Opposition (ECF No. 14). Defendants have filed a Reply (ECF No. 17). Thus, the motion is ripe for review. For the reasons stated herein, Defendants' Motion to Partially Dismiss (ECF No. 10) is **DENIED**.

Additionally, Defendants have filed a Motion for a More Definite Statement (ECF No. 11). Plaintiff has responded and Defendants have replied (ECF Nos. 13, 18). Thus, the motion is ripe for review. For the reasons stated herein, Defendants' Motion for a More Definite Statement (ECF No. 11) is **DENIED**.

**I.**

Plaintiff commenced this action on August 20, 2019, by filing a complaint against

Defendants. As this matter is before the Court on the Defendants' Motion to Partially Dismiss, the allegations in the Complaint are taken as true and are as follows:

On August 3, 2018, Bobby Lee Osborne ("Bobby") was jailed at Pickaway County Jail for failure to pay child support. (Compl. ¶ 25, ECF No. 1.) Bobby was to be in jail for 45 days. (*Id.*) Nurse Reid and Dr. Gillen provide medical care and treatment to detainees confined at Pickaway County Jail. (*Id.* ¶¶ 13–14.) During Bobby's intake, Nurse Reid noted that Bobby was being treated with Suboxone for withdrawal symptoms, Metformin, insulin, and Novolog for diabetes, Lithium for bipolar disorder, Lisinopril and Furosemide for high blood pressure, Trazadone for depression, Omeprazole for heartburn, and Astrovastatin for high cholesterol. (*Id.* ¶¶ 25–26.) Bobby took each of these medications one or two times per day. (*Id.*)

Nurse Reid notified Dr. Gillen of Bobby's medical issues and medications. (*Id.* ¶ 27.) Dr. Gillen ordered each of the medications be continued, except Suboxone, which he replaced with Clonidine and Phenergan to combat withdrawal symptoms. (*Id.* ¶ 25–27.)

On August 17, 2018, Bobby requested his Lithium be reduced from twice daily to once daily. (*Id.* ¶ 23-2.)[1] Dr. Gillen permitted this change. (*Id.*)

On August 18, 2018, Bobby complained to Nurse Reid that he was sick to his stomach and vomiting. (*Id.* ¶ 24-2.) Nurse Reid noted Bobby's blood sugar was 146 and his blood pressure was 110/72. (*Id.*)

On August 21, 2018, Nurse Reid, while passing Bobby medication, noticed Bobby was shaky. (*Id.* ¶ 25-2.) She noted his blood sugar was 126 and his blood pressure was 62/45. (*Id.*) Nurse Reid contacted Dr. Gillen about these issues. (*Id.*)

On August 22, 2018, Dr. Gillen ordered Bobby's Lisinopril and Metformin be reduced.

---

[1] The Complaint includes paragraphs 23–27 twice, thus, the Court will use "-2" to indicate the second paragraph given the stated number.

2

(*Id.*) Nurse Reid noted Bobby's blood sugar was 152 and his blood pressure was 134/91. (*Id.*)

On August 24, 2018,[2] Cpl. McCarrell, employed by Pickaway County Jail to supervise inmates, called Nurse Reid and told her Bobby had diarrhea, refused to shower, his hands were shaking, and they were unable to get a blood pressure reading. (*Id.* ¶ 27-2.) Nurse Reid put Bobby on a thirty-minute observation and advised staff to ensure he was drinking something. (*Id.*) Nurse Reid noted that Bobby had two episodes of diarrhea prior to the one Cpl. McCarrell reported. (*Id.*)

On August 25, 2018, at 2:30 a.m., Nurse Reid called to check on Bobby. (*Id.* ¶ 28.) Deputy Bender, employed by Pickaway County Jail to supervise inmates, said he had not heard anything about Bobby's condition and Cpl. McCarrell had moved to another area. (*Id.*) At 6:48 a.m., Sgt. Evans, also employed by Pickaway County Jail to supervise inmates, called Nurse Reid and stated he found Bobby unresponsive, but breathing, laying on the floor. (*Id.* ¶ 29.) Sgt. Evans stated Bobby did not respond to a sternal rub. (*Id.*) An ambulance transferred Bobby to Berger Hospital where he came under the care of Brandy Zimmer, M.D. ("Dr. Zimmer"). (*Id.* ¶ 30.)

Dr. Zimmer noted a five-day history of illness including diarrhea, decreased appetite, decreased urination, and shortness of breath. (*Id.*) Dr. Zimmer ordered a head CT scan, which revealed no abnormality. (*Id.* ¶ 31.) Dr. Zimmer also ordered blood tests, which showed significant abnormality including toxic levels of lithium and elevated white blood count, glucose levels and creatine levels. (*Id.*) On August 25, 2018, at 9:50 a.m., less than three hours after arriving at the hospital, Bobby was pronounced dead. (*Id.* ¶32.) Bobby had suffered a cardiac arrest. (*Id.* ¶ 32.)

Robert S. Schott, M.D. ("Dr. Shott") performed an autopsy at the Montgomery County Coroner's Office. (*Id.* ¶ 33.) Dr. Shott concluded the cause of death was diabetic ketoacidosis and

---

[2] The Complaint asserts this date in Nurse Reid's notes appeared to have been changed from August 25 to August 24. (Compl. ¶ 27-2.)

3

Lithium toxicity due to renal failure and sepsis. (*Id.*) Plaintiff was appointed administrator of Bobby's estate. (*Id.* ¶ 8.)

Plaintiff brings five claims: (1) Plaintiff sues all Defendants for a violation of the Eighth Amendment under 42 U.S.C. § 1983; (2) Plaintiff sues Dr. Gillen and Nurse Reid for gross negligence and willful, wanton, and reckless conduct in withholding necessary medical care;[3] (3) Plaintiff sues all Defendants for wrongful death of Bobby; (4) Plaintiff sues all Defendants under a survivorship action; and (5) Plaintiff sues County and Sherriff Radcliff and Lt. Carpenter in their official capacities, for a violation of rights under the Constitution based on enforcement of a custom or policy and failure to train, supervise, or discipline. (*See id.* ¶¶ 34–70.)

Plaintiff filed an affidavit of merit by Jerome Daniel, M.D. ("Dr. Daniel"). (Aff. Merit, ECF No. 2-1.) The affidavit states that Dr. Daniel reviewed Bobby's medical records, is familiar with the applicable standard of care, and opines the standard of care was breached by Dr. Gillen, Nurse Reid, and the other employees of Pickaway County's Sherriff's office. (*Id.* ¶¶ 1–3.)

Defendants filed a Motion to Partially Dismiss, asking the Court to dismiss Count II. (Partial Mot. Dismiss, ECF No. 10, hereinafter "Mot. Dismiss.") Plaintiff filed a Memorandum in Opposition and Defendants Filed a Reply in Support of their Motion. (Pl.'s Mem. Opp.'n, ECF No. 14, hereinafter "Pl.'s Resp."; Defs.' Reply Supp., ECF No. 17, hereinafter "Defs.' Reply.")

Defendants also filed a Motion for a More Definite Statement as to Count I and Count II. (Mot. Defs.' More Definite Statement at 3, ECF No. 11, hereinafter "Def.'s Mot. Def. Statement.") Plaintiff filed a Memorandum in Opposition and Defendants filed a Reply in Support. (Pl.'s Mem. Opp'n, ECF No. 13; Defs.' Reply Supp., ECF No. 18.)

---

[3] Defendants contend in their Motion that this is a medical malpractice claim and Plaintiff, in her response, does not contest at characterization.

4

## II.

Federal Rule of Civil Procedure 12 authorizes dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet this standard, the complaint must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the non-moving party, accepting as true all of plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Nonetheless, the Court must read Rule 12(b)(6) in conjunction with Federal Rule of Civil Procedure 8(a), requiring a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 907 (S.D. Ohio 2013). Thus, the pleading's factual allegations, assumed to be true, must do more than create mere speculation or suspicion of a legally cognizable claim; they must show entitlement to relief. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Further, "the tenet that court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. As such, while a plaintiff is not required to set forth detailed factual allegations at the pleading stage, a complaint must contain a basis upon which relief can be granted; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *See id.* at 679; Fed. R. Civ. P. 8(a).

## III.

Defendants argue Count II of the Complaint should be dismissed for failure to state a claim upon which relief can be granted because Dr. Daniel's affidavit does not comport with Ohio Civil Rule of Procedure 10(D)(2) (hereinafter "Ohio Rule 10(D)(2)"). (Defs.' Mot. Dismiss at 3.) Plaintiff argues, that due to a recent Sixth Circuit case, Ohio Rule 10(D)(2) does not apply in federal court, and thus, the motion to partially dismiss should be denied. (Pl.'s Resp. at 5.)

Ohio Rule 10(D)(2) provides that "a complaint that contains a medical claim . . . as defined in [Ohio Revised Code § 2305.113], shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Ohio Civ. R. 10(D)(2)(a). The medical claim in Ohio Revised Code § 2305.113 is medical malpractice. The affidavit must include: (i) "[a] statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;" (ii) "[a] statement that the affiant is familiar with the applicable standard of care;" and (iii) "[t]he opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff." *Id.* at 10(d)(2)(a)(i)–(iii).

The affidavit "shall be filed by the Plaintiff with the complaint." *Id.* at 10(D)(2)(b). This affidavit "is required to establish the adequacy of the complaint and shall not otherwise by admissible as evidence or used for purposes of impeachment." *Id.* at 10(D)(2)(d).

On November 7, 2019, the Sixth Circuit decided *Gallivan v. United States*, 943 F.3d 291 (6th Cir. 2019). *Gallivan* involved a plaintiff suing the Bureau of Prisons ("BOP") for negligence under the Federal Tort Claims Act ("FTCA"). *Id.* at 292–93. The plaintiff had undergone surgery while in BOP custody which left him permanently disabled. *Id.* at 292. The plaintiff sued the

BOP in a federal district court, claiming the BOP's negligence caused his disability. *Id.* at 292–93. The district court, applying Ohio Rule 10(D)(2), dismissed the case due to the plaintiff's failure to include a medical professional's affidavit. *Id.* at 293. The plaintiff appealed, claiming Ohio Rule 10(D)(2) did not apply to his case because it was in federal court. *Id.*

In determining whether Ohio Rule 10(D)(2) applied to the case, the Sixth Circuit used the two-step inquiry the Supreme Court set out in *Shady Grove Orthopedic Associates, P.A., v. Allstate Insurance Company*, 559 U.S. 393, 398 (2010). *Id.* Accordingly, the Sixth Circuit first asked "whether the Federal Rules of Civil Procedure answer[ed] the question in dispute: does someone need an affidavit of merit to state a claim for medical negligence?" *Id.* The Sixth Circuit found that "the Federal Rules provide[d] a clear answer: no affidavit is required to state a claim for medical negligence." *Id.* Federal Rules 8 and 12 answered the question. *Id.*

The second question the Sixth Circuit asked was "whether the relevant Rules are valid under the Constitution and the Rules Enabling Act." *Id.* at 294. To this question, the Sixth Circuit noted the "Federal Rules are presumptively valid," and "the Supreme Court has rejected every challenge to the Federal Rules that it has considered under the Rules Enabling Act." *Id.* (citing *Abbas v. Foreign Policy Grp., LLC*, 783 U.S. 1328, 1336 (D.C. Cir. 2015)). With this in mind, the Sixth Circuit stated "we have no reason to doubt the validity of the Federal Rules at issue here." *Id.* The Sixth Circuit concluded "[i]n sum, the district court should have applied the Federal Rules, not Ohio Rule 10(D)(2)." *Id.*

The defendant in *Gallivan*, citing *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), argued that the conflict analysis was inapplicable because in an FTCA case the federal court must apply all state substantive rules. *Id.* The Sixth Circuit responded by first noting that "although substantive state law governs the *merits* of an FTCA claim, the Federal Rules govern *procedural*

issues." *Id.* (emphasis in original). Importantly, "the Federal Rules apply in basically *all* civil actions in federal court." *Id.* (emphasis in original). Additionally, the Sixth Circuit noted that the procedural v. substantive analysis was irrelevant to the case because a Federal Rule, if valid, displaces inconsistent state law under the Supremacy Clause. *Id.* at 295.

The defendant also argued that applying this holding would expose the United States to greater liability than a similarly situated private individual. *Id.* In response, the Sixth Circuit explained that while this would be an issue if true, the application of the Federal Rules instead of Ohio Rule 10(D)(2) would only lead to the possibility of dismissal of less complaints on procedural grounds. *Id.* It would not change the manner or extent of the government's liability. *Id.*

Finally, the Sixth Circuit addressed the defendant's contention that Ohio Rule 10(D)(2) does not conflict with the Federal Rules because it is an element of the underlying medical claim, not a pleading requirement. *Id.* The Sixth Circuit rejected the argument because the Ohio Supreme Court had rejected it. *Id.* at 296 (citing *Fletcher v. Univ. Hosps. of Cleveland*, 897 N.E.2d 147, 150 (Ohio 2008)). The Ohio Supreme Court characterized Ohio Rule 10(D)(2) as placing "a heightened pleading requirement" on parties bringing medical negligence claims and thus, if the complaint lacks an affidavit it suffers a "pleading deficiency." *Id.*

At issue in the current case is the extent of the *Gallivan* holding. Defendants argue this case stands only for the contention that Ohio Rule 10(D)(2) "does not apply to actions brought against the United States government under the [FTCA]," and thus, because this case is not brought under the FTCA, Plaintiff is required to comply with the rule. (Defs.' Reply at 2.) Plaintiffs, on the other hand, argue this case stands for the contention that Ohio Rule 10(D) "does not apply in federal court" and thus, Plaintiff did not need to provide any affidavit at all. (Pl.'s Resp. at 5.)

Two months after *Gallivan*, the Sixth Circuit, in a footnote, stated that in *Gallivan* it held

that "Ohio Rule 10(D)(2), which contains an affidavit of merit requirement, did not apply to a claim of medical negligence under the [FTCA] because the Federal Rules of Civil Procedure do not require such an affidavit." *Estate of Barnwell v. Grigsby*, No. 18-5480, 2020 U.S. App. LEXIS 2109, at *10 n.4 (6th Cir. Jan. 21, 2020).

Additionally, this Court, in a case in federal court with diversity jurisdiction, stated that "the Sixth Circuit ruled that Ohio [Rule] 10(D)(2)—which requires that an affidavit of merit accompany a complaint for medical malpractice—does not apply to such claims filed in federal court." *Frank v. Good Samaritan Hosp. of Cincinnati*, No. 1:18-cv-618, 2019 U.S. Dist. LEXIS 211327, at *3–4 (S.D. Ohio Dec. 9, 2019). This Court noted the *Gallivan* holding "removed" a "trigger" to the plaintiff's requirements. *Id.*

Finally, our sister district cited *Gallivan* for the proposition that in a diversity case "this Court must apply federal procedural law." *Hardwoods v. Coomer*, 1:18-CV-18, 2020 U.S. Dist. LEXIS 11029, at *1 n.1 (W.D. Ky. Jan. 21, 2020).

This Court finds Ohio Rule 10(D)(2) is not applicable to medical malpractice claims brought in federal court through diversity or supplemental jurisdiction. Even though *Gallivan* was decided based on a medical negligence claim brought under the FTCA, the reasoning is directly applicable to medical negligence claims that are in federal court because of diversity or supplemental jurisdiction. Importantly, the Sixth Circuit noted that "it doesn't make sense for federal courts to have one system of procedural rules in diversity cases and another in FTCA cases." *Id.* at 295; *see also Rodriguez v. United States*, No. 1:14-CV-2526, 2015 U.S. Dist. LEXIS 96092, at *8 (N.D. Ohio July 23, 2015) ("Similar to when it is sitting in diversity, a federal court in an FTCA case applies state substantive law and federal procedural law.").

The Supreme Court made clear in *Shady Grove*, that courts "do not wade into *Erie*'s murky

waters unless the Federal Rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 399. Thus, the analysis of whether Ohio Rule 10(D)(2) applies in this case begins with the question of whether a Federal Rule answers the question, that is, whether a plaintiff needs an affidavit of merit in order to state a claim for medical negligence. *Gallivan*, 943 F.3d at 293; *Shady Grove*, 559 U.S. at 398. Then, if there is a Federal Rule which answers the question, the Court must determine whether the Rule is valid. *Id.* at 294; *Shady Grove*, 559 U.S. at 408.

*Gallivan* answers our first question. Federal Rule 8 and 12 answer the question in this case, providing that no affidavit is needed. *Id.* at 393. *Gallivan*, and other precedent, also answer our second question, Rules 8 and 12 are valid under the Constitution and Rules Enabling Act. *Id.* at 294; *Shady Grove*, 559 U.S. at 408. Thus, this Court will apply the Federal Rules.

Defendants contend that this Court should use Ohio Rule 10(D)(2) to dissuade forum shopping and avoid the inequitable administration of the law. (Defs.' Reply at 2–3.) Defendants' argue these are the twin goals *Erie*. (*Id.*) This argument is unpersuasive because it is premised on the contention that Ohio Rule 10(D)(2) is substantive in nature, and thus, affects the merits and outcome of the case. The Supreme Court stated in *Shady Grove* that the "fundamental difficulty" with an argument centering on the "substantive nature" or "substantive purpose" of a state law is that such a description of the law "*makes no difference.*" 559 U.S. at 409 (emphasis in original). "A Federal Rule of Procedure is not valid in some jurisdictions and invalid in others—or valid in some cases and invalid in others—depending upon whether its effect is to frustrate a state substantive law (or state procedural law enacted for substantive purposes)." *Id.*

Additionally, Ohio Rule 10(D)(2) is merely a pleading requirement, it is not an element that goes toward the merits of the case. *Fletcher*, 897 N.E.2d at 150. A plaintiff whose claim was dismissed due to failure to comply with Ohio Rule 10(D)(2) could simply re-file the case, for

dismissal is without prejudice, or amend the complaint to include the affidavit. *Troyer v. Janis*, 917 N.E.2d 862, 865 (Ohio 2012). The Ohio Supreme Court made clear, based on the text of Ohio Rule 10(D)(2), that dismissal for failure to adhere to the rule is not a dismissal on the merits. *Id.* ("Based on the clear language of [Ohio Rule 10(D)(2)] and *Fletcher*, we hold that a dismissal of a complaint for failure to attach the affidavit of merit required by Ohio Rule 10(D)(2) is an adjudication otherwise than on the merits and is a dismissal without prejudice by operation of law."). Defendants' argument based on the "substantive [] nature" of the rule is unpersuasive.

Additionally, Defendants cite to cases where this Court has previously held Ohio Rule 10(d)(2) "substantive" and thus, applicable. (Defs.' Reply at 2–3.) Most notably, each cited case was decided prior to *Gallivan*. Further, caselaw in Ohio shows that prior to *Gallivan* there was a split in decisions with some courts finding Ohio Rule 10(d)(2) substantive and thus, applicable, and some courts finding the substantive/procedural analysis misplaced and instead asserting because Rule 8 and Ohio Rule 10(D)(2) "collide," Rule 8 applies. *Compare Harris v. City of Cincinnati*, No. 1:17-cv-762, 2018 U.S. Dist. LEXIS 174320, at *15 (S.D. Ohio Oct. 10, 2018) (holding, and collecting Southern District of Ohio cases finding, Ohio Rule 10(D)(2) applicable because it is "substantive"), *and Kollin v. City of Cleveland*, No. 1:11 CV 2605, 2013 U.S. Dist. LEXIS 97095, at *7 (N.D. Ohio May 24, 2013) (finding Ohio Rule 10(D)(2) substantive and thus applicable to deter forum shopping), *and Moats v. Holzer Clinic*, No. 2:19-cv-2361, 2019 U.S Dist. LEXIS 188167, at *8 (S.D. Ohio Oct. 30, 2019) (finding the same), *and Cross v. Opco*, No. 2:18-cv-820, 2018 U.S. Dist. LEXIS 186645, at *6 (S.D. Oho Oct. 31 2018) (finding the same), *with Rodriguez*, 2015 U.S. Dist. LEXIS 96092 at *14–15 (finding Federal Rule 8, not Ohio Rule 10(D)(2), provides the pleading standard, because when federal and state rules "collide" the federal rule applies), *and Beair v. Ohio Dep't of Rehab. & Corr.*, 156 F. Supp. 3d 898, (N.D. Ohio 2016)

(finding the same), *and Larca v. United States*, No. 4:13-cv-205, 2014 U.S. Dist. LEXIS 102872, at * (N.D. Ohio July 28, 2014) (finding the same).

These district courts noted that the Sixth Circuit had yet to provide published guidance on the issue. *See e.g., Harris*, 2018 U.S. Dist. LEXIS 174320 at *15; *Kollin*, 2013 U.S. Dist. LEXIS 97095 at *8. Importantly, however, cases prior to *Gallivan* are no longer controlling to the extent that they analyze Ohio Rule 10(D)(2) for whether it is substantive or procedural instead of following the two-step inquiry provided in *Gallivan* and *Shady Grove*.

In conclusion, Ohio Rule 10(D)(2) does not apply to Count II of Plaintiff's Complaint. Defendants' Motion to Dismiss is based solely on Plaintiff's failure to adhere to Ohio Rule 10(D)(2)'s requirements. Therefore, Defendants' Motion is DENIED.

### IV.

"If a pleading fails to specify its allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

"A complaint need only give fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal citations omitted). A "motion for a more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed." *SKY Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 298 (S.D. Ohio 2000). A "motion for a more definite statement is designed to strike at unintelligibility rather than simple want of

details." *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2011 U.S. Dist. LEXIS 147839, at *2 (S.D. Ohio Dec. 22, 2011). Such a motion "must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Id.* (internal citations omitted).

Due to the notice and pleading standards of Rule 8 and the opportunity for extensive pretrial discovery, "motions for more definite statements are generally disfavored and are rarely granted." *Best v. AT&T Inc.*, No. 1:12-cv-564, 2014 U.S. Dist. LEXIS 130669, at *5 (S.D. Ohio Sept. 16, 2014); *see also BAC Home Loans*, 2011 U.S. Dist. LEXIS 147839 at *2 ("In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts.").

## V.

Defendants claim the Complaint fails to identify Bobby's "serious medical need" or "medical condition." (Defs.' Mot. Def. Statement at 4.) In support, Defendants rely on *Williamson v. Ray*, No. 3:15-CV-466, 2016 U.S. Dist. LEXIS 20794 (E.D. Tenn. Feb. 22, 2016), where a pro se prisoner's complaint was dismissed through the screening process for plaintiffs proceeding *in forma pauperis*. In *Williams* the complaint alleged an altercation with other inmates caused the plaintiff "injury to his head and face." *Id.* at *14–15. The complaint did not provide a description of the alleged injury or the alleged altercation with the other inmates. *Id.* at *15.

Defendants also rely on cases brought under §1983 where the court found the claims failed for lack of particularity as to what each defendant did to violate the asserted constitutional right. (Defs.' Reply Opp'n at 1 (citing *Hood v. City of Columbus*, No. 2:17-cv-471, 2019 U.S. Dist. LEXIS 165981, at *21 (S.D. Ohio Sept. 26, 2019); *Chapman v. Detroit*, 808 F.2d 459, 465 (6th

13

Cir. 1986); *Marcilis v. Twp. of Redford*, 693 F.3d 589, 586–97 (6th Cir. 2012)).) Defendants' arguments are not well-taken.

Plaintiff's Complaint contains a section titled "Common Factual Allegations." (Compl. at 7.) In this section, Plaintiff uses a timeline format to allege what occurred to Booby while jailed. (*See id.*) Plaintiff begins with August 3, 2018, when Bobby underwent intake, and provides each medication Bobby was taking and the medical conditions they were treating. (*Id.* ¶¶ 25–27.) Next, Plaintiff alleges a serious of events beginning on August 17, 2018, and ending with Bobby's death on August 25, 2018. (*See id.* ¶¶ 23-2–32.) Plaintiff includes details about Bobby's health. including his vomiting, low blood sugar, low blood pressure, diarrhea, shakiness, decreased appetite, decreased urination, shortness of breath with activities, and eventual death through cardiac arrest. (*See id.*) Finally, Plaintiff includes the finding that the cause of death was diabetic ketoacidosis and lithium toxicity due to renal failure and sepsis. (*See id.*)

In Plaintiff's first and second causes of action she "incorporates by reference any and all statements and allegations contained in paragraphs 1 through 33 of the complaint, as if fully rewritten." (*Id.* at ¶¶ 34, 49.) The remainder of the information in the causes of action refers to a "medical condition" and an "illness." (*See id.* ¶¶ 36, 39, 41, 50.)

The Court finds the Complaint is not so vague that a responsive pleading cannot be framed. *SKY Tech Partners*, 125 F. Supp. 2d at 298. The Complaint contains enough detail about the medical condition, including symptoms and an eventual diagnosis, such that Defendants have fair notice of Plaintiff's claims and the grounds upon which they rest. *Allard*, 991 F.2d at 1240. Pretrial devices are the appropriate measure to fill in gaps which Defendants find in the Complaint.

Defendants reliance on *Williams v. Ray* is unpersuasive. In *Williams* the plaintiff had provided only the words "injury to his head and face." 2016 U.S. Dist. LEXIS 20794 at *6. The

complaint also failed to provide any detail on the alleged altercation that had caused such injuries. *Id.* at *14. In contrast, Plaintiff provides a timeline of events leading up to the injuries and describes them with specific symptoms and Bobby's vital signs. (Compl. ¶¶ 25–33.)

Further, in *Williams* the court was looking to whether the Complaint stated a claim for which relief could be granted. *Williams*, 2016 U.S. Dist. LEXIS 20794 at *3. Similarly, in the remaining cases Defendants cite, the court was either attempting to determine whether the complaint stated a claim, or whether there was a genuine issue of material fact. *Hood*, U.S. Dist. LEXIS 165981 at *21 (ruling on a motion for summary judgment); *Chapman*, 808 F.2d at 465 (ruling on a motion to dismiss or in the alternative a motion for summary judgment); *Marcilis*, 693 F.3d at 586–97 (ruling on a motion to dismiss).

In contrast, this Court need only determine whether Defendants have received adequate notice such that they can respond. This Court finds that they have received such notice. Accordingly, the Defendants' Motion for a More Definite Statement is DENIED.[4]

## VI.

For the reasons set forth above, Defendants' Motion to Partially Dismiss (ECF No. 10) is **DENIED** and Defendants' Motion for a More Definite statement (ECF No. 11) is **DENIED**.

---

[4] Defendants' Reply briefly asserts "[a]lso necessitating a more definite statement from Plaintiff is the fact that Plaintiff seeks special damages." (Defs.' Reply at 2.) Defendants are confined to the grounds raised in their motion and initial brief, and thus, the Court need not consider this argument. "[A] reply brief is not the proper place to raise an issue for the first time." *United Tel. Co. of Ohio v. Ameritech Servs., Inc.*, No. 2:10-cv-249, 2011 U.S. Dist. LEXIS 1746, at*3 n.2 (S.D. Ohio Jan. 7, 2011); *see also Versatile Helicopters v. City of Columbus*, 879 F. Supp. 2d 775, 779 (S.D. Ohio 2012) (refusing to consider an argument raised for the first time in a reply memorandum); *Curly Constr. & Excavating, Inc. v. Laney Directional Drilling Co.*, No. 2:12-cv-4, 2012 U.S. Dist. LEXIS 79575, at *10 (S.D. Ohio June 8, 2012) (refraining from considering new arguments raised in a reply brief); *Tolstih v. L.G. Elecs., U.S.A. Inc.*, No. 2:07-cv-582, 2009 U.S. Dist. LEXIS 98676, at *17–18 ("Defendants failed, however, to raise this specific argument in their motion . . . [t]he Court therefore will not consider Defendants' belated argument, which should and could have been asserted in the motion."); *In re Anheuser-Busch Beer Labeling Marketing*, 644 F. App.'x 515, 529 (6th Cir. 2016) ("[A]s a matter of litigation fairness, we have considered arguments raised for the first time in reply briefs to be forfeited, since the opposing party ordinarily has no right to respond to the reply." (internal citations omitted)).

**IT IS SO ORDERED.**

3-17-2020
DATE

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE